UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-9235-CAS-FFMx | Date | February 24, 2014 |
|---|---|---|---|
| Title | COLONIAL LIFE AND ACCIDENT INSURANCE COMPANY V. STENTORIANS-L.A. COUNTY BLACK FIRE FIGHTERS, ET AL. | | |

| Present: The Honorable | Christina A. Snyder | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| Nicole Blohm | Elise Klein
Jennifer Ghozland | |

**Proceedings:**   MOTION TO DISMISS (Dkt. #49, filed Jan. 16, 2014)

## I.   INTRODUCTION

Plaintiff Colonial Life and Accident Insurance Company filed this action on December 16, 2013, against defendants Stentorians of Los Angeles County ("Stentorians"), Swett & Crawford ("Swett"), Humana, Inc. ("Humana"), and Transamerica Life Insurance Company ("Transamerica").[1]  Dkt. #1.  The operative first amended complaint ("FAC") asserts claims for: (1) breach of contract, (2) intentional interference with contractual relations, (3) intentional interference with prospective economic advantage, (4) fraud, (5) conversion, (6) conspiracy, (7) invasion of privacy, (8) specific performance, (9) violations of Cal. Bus. & Prof. Code § 17200, et seq. ("UCL"), and (10) injunctive relief.  Dkt. #8.  The Court issued a preliminary injunction in this matter by order dated January 10, 2014, dkt. #'s 42, 48.

Swett and Stentorians (the "moving defendants") filed a motion to dismiss the second through eighth claims in the FAC on January 16, 2014.  Dkt. #49.  Plaintiff filed an opposition on February 3, 2014, dkt. #55, and the moving defendants replied on February 10, 2014, dkt. #58.  The Court held a hearing on February 24, 2014.  After considering the parties' arguments, the Court finds and concludes as follows.

---

[1] Plaintiff filed a notice of voluntary dismissal as to Transamerica on December 19, 2013.  Dkt. #18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-9235-CAS-FFMx | Date | February 24, 2014 |
|---|---|---|---|
| Title | COLONIAL LIFE AND ACCIDENT INSURANCE COMPANY V. STENTORIANS-L.A. COUNTY BLACK FIRE FIGHTERS, ET AL. | | |

## II. BACKGROUND

Plaintiff alleges that it is a South Carolina corporation with its principal place of business in South Carolina. FAC ¶ 3. Plaintiff further alleges that Stentorians is a California corporation with its principal place of business in California, and Swett is a California corporation with its principal place of business in Georgia. Id. ¶¶ 4, 6. Plaintiff alleges that Humana is a Delaware corporation with its principal place of business in Kentucky. Id. ¶ 5. Because plaintiff alleges that defendants' conduct has caused damage in excess of $75,000, this Court has jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

Plaintiff alleges that it provides insurance policies to approximately 15,000 employees of Los Angeles County (the "County") and their families, and that premiums for these policies are deducted from the payroll of these employees by the County, and remitted to plaintiff as a vendor. Id. ¶¶ 9-10. Plaintiff asserts that it entered into a contract with Stentorians on or about May 27, 2011, in which Stentorians agreed to perform the administrative service of collecting insurance premiums for plaintiff through the payroll deduction slot granted to Stentorians by the County, in exchange for an administrative fee. Id. ¶ 11 (citing the alleged contract, attached to the FAC as Exhibit A).

According to plaintiff, the contract provides that Stentorians will collect insurance premiums deducted from employee paychecks and remit the premiums to plaintiff on a monthly basis, along with an accounting of premiums collected. Id. ¶ 13. Plaintiff alleges that Stentorians agreed in the contract to refrain from negotiating, soliciting or selling insurance, or "in any other manner act[ing] as an insurance producer in connection with the sale of Colonial Life insurance products." Id. ¶ 14. Plaintiff further alleges that the contract provides that it may be terminated by either plaintiff or Stentorians at any time upon 30 days' written notice. Id. ¶ 15. Plaintiff alleges that, to date, it has not received any notice of termination of the contract from Stentorians. Id. ¶ 29.[2]

---

[2] Plaintiff subsequently advised the Court that Stentorians provided notice of its intent to terminate the contract by letter dated December 13, 2013. Prelim. Inj. Order at 7. Defendants do not appear to dispute that the contract has been terminated. Although this fact is not alleged in the FAC, the Court takes judicial notice of the fact of the


UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-9235-CAS-FFMx | Date | February 24, 2014 |
|---|---|---|---|
| Title | COLONIAL LIFE AND ACCIDENT INSURANCE COMPANY V. STENTORIANS-L.A. COUNTY BLACK FIRE FIGHTERS, ET AL. | | |

    Additionally, plaintiff alleges that Stentorians agreed in the "procedures" governing the contract (the "Stentorians Procedures") to notify plaintiff of any written or oral communication with the County. Id. ¶ 18. Plaintiff alleges that, pursuant to the alleged contract, Stentorians is obligated to follow the Stentorians Procedures. Id. ¶ 17.

    Plaintiff alleges that, in or about March 2012, Stentorians informed plaintiff that its third party administrator, MB Ellison, requested that plaintiff provide its policyholder and premium data to facilitate the employee payroll deductions. Id. ¶ 19. Plaintiff alleges that it agreed to provide the data on or about March 22, 2012, subject to customer privacy regulations and a "privacy provision" that would be appended to the Stentorians' Procedures, which would require Stentorians to abide by all privacy, confidentiality, and information security policies established by plaintiff. Id. ¶ 20. The privacy provision of the Stentorians' Procedures requires Stentorians to notify plaintiff of any security incident involving the unauthorized access, use, or disclosure of policyholder information. Id. ¶ 22.

    Plaintiff alleges that, on or about December 5, 2013, approximately 15,000 of plaintiff's individual policyholders received letters with the logos of "Los Angeles County, Deduction Agency: SFA," Humana, and Swett, in which these entities stated to plaintiff's policyholders that their accident, disability, critical illness, and supplemental health plans with plaintiff would now be covered by Humana. Id. ¶ 24. Plaintiff contends that it did not authorize the transactions described in the December 5, 2013 letter, and that the transactions were made without plaintiff's knowledge, or the knowledge of plaintiff's Policyholders. Id. ¶¶ 25-26.

    Additionally, plaintiff alleges that Stentorians is wrongfully withholding approximately $2,500,000 in premiums that were deducted from plaintiff's policyholders' payroll on or about November 30, 2013, and December 13, 2013. Id. ¶ 30. According to plaintiff, these entities intentionally misrepresented to plaintiff's

---

contract's termination for the sole purpose of deciding the present motion. See Metro. Creditors' Trust v. Pricewaterhousecoopers, LLP, 463 F. Supp. 2d 1193, 1197 (E.D. Wash. 2006) (taking judicial notice of undisputed fact for purpose of deciding motion to dismiss even though not alleged in the pleadings).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-9235-CAS-FFMx | Date | February 24, 2014 |
|---|---|---|---|
| Title | COLONIAL LIFE AND ACCIDENT INSURANCE COMPANY V. STENTORIANS-L.A. COUNTY BLACK FIRE FIGHTERS, ET AL. | | |

policyholders that there is "nothing they need to do to continue their coverage and no action is required on their part," id. ¶ 24, even though the withholding of these policyholders' premiums from plaintiff creates the "imminent danger" that these policyholders' policies will lapse, id. ¶ 30.

Plaintiff alleges that, on or about December 13, 2013, plaintiff demanded that Stentorians, Humana, and Swett cease using the private information of plaintiff's policyholders and return it to plaintiff, along with the premiums covering the individual policyholders. Id. ¶ 31. Plaintiff alleges that these defendants have not taken corrective action to date. Id. ¶ 32.

## III.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-9235-CAS-FFMx | Date | February 24, 2014 |
|---|---|---|---|
| Title | COLONIAL LIFE AND ACCIDENT INSURANCE COMPANY V. STENTORIANS-L.A. COUNTY BLACK FIRE FIGHTERS, ET AL. | | |

Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

The moving defendants seek dismissal of the FAC's second through eighth claims for relief.[3] The Court addresses each claim in turn.

---

[3] The moving defendants also renew their argument, previously addressed by this Court in its order granting a preliminary injunction in favor of plaintiff, that Stentorians operates a group employee benefit plan, and was therefore authorized to perform the acts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-9235-CAS-FFMx | Date | February 24, 2014 |
|---|---|---|---|
| Title | COLONIAL LIFE AND ACCIDENT INSURANCE COMPANY V. STENTORIANS-L.A. COUNTY BLACK FIRE FIGHTERS, ET AL. | | |

**A.  Plaintiff's Claim for Intentional Interference with Contractual Relations**

To prevail on a claim for intentional interference with contractual relations, the plaintiff must establish (1) the existence of a valid contract between the plaintiff and a third party, (2) the defendant's knowledge of the contract, (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship, (4) actual breach or disruption of the contractual relationship, and (5) damages.  CRST Van Expedited, Inc. v. Werner Enters., Inc., 479 F.3d 1099, 1105 (9th Cir. 2007) (citing Quelimane Co. v. Stewart Title Guar. Co., 19 Cal. 4th 26, 55 (1998)).  Plaintiff alleges that defendants interfered with plaintiff's contractual relations with its policyholders by sending the December 5, 2013 letter to plaintiff's policyholders, advising them that their insurance coverage provided by Colonial Life would be transferred to Humana.  FAC ¶ 45.

The moving defendants argue that this claim fails because this tort can only be committed by "strangers [or] interlopers who have no legitimate interest in the scope or course of the contract's performance."  Mot. Dismiss at 7-8 (quoting Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 514 (1994)).  According to the moving defendants, Stentorians is not a "stranger" to plaintiff's policyholders because plaintiff "did not sell or market [its] policies directly to employees . . . [but rather] sold its products only through . . . Stentorians."  Id. at 7-8.  This argument fails because it appears to be based on facts or assertions that are not present in the FAC.  Indeed, the moving defendants provide no citations for these factual assertions.  In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court cannot consider arguments based on materials not contained in the operative complaint.  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d at 1537.

The moving defendants also argue that this claim fails because Swett and Stentorians are protected by the "manager's or advisor's privilege."  Mot. Dismiss at 8-9.

---

alleged in the FAC.  Mot. Dismiss at 5-7.  The Court need not address this argument because it raises factual assertions that do not relate to whether the FAC's claims should be dismissed pursuant to Rule 12(b)(6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-9235-CAS-FFMx | Date | February 24, 2014 |
|---|---|---|---|
| Title | COLONIAL LIFE AND ACCIDENT INSURANCE COMPANY V. STENTORIANS-L.A. COUNTY BLACK FIRE FIGHTERS, ET AL. | | |

In this regard, the moving defendants quote the California Court of Appeal's statement in Aalgaard v. Merchants Nat'l Bank, 224 Cal. App. 3d 674, 684 (1990) for the proposition that a "manager or agent may, with impersonal or disinterested motive, properly endeavor to protect the interests of his principal by counseling the breach of a contract with a third party which he reasonably believes to be harmful to his employer's best interests." This privilege operates to shield from liability managers or advisers who counsel their corporate employers to breach a contract, as long as the advice is given with the aim of protecting the corporation's best interests. See Aalgaard, 224 Cal. App. 3d at 684-86; see also Los Angeles Airways, Inc. v. Davis, 687 F.2d 321, 328 (9th Cir. 1982). The moving defendants do not explain how this privilege is applicable to the present case. To the extent that the moving defendants intend to argue that they are agents of plaintiff's policyholders, that argument lacks merit because it is unsupported by any allegations in the FAC.

Finally, the moving defendants argue that this claim fails because plaintiff cannot show that it suffered damage as a result of defendants' actions. Mot. Dismiss at 9. This argument is unavailing. As stated above, plaintiff alleges that defendants interfered with plaintiff's contractual relations with its policyholders by sending the December 5, 2013 letter to plaintiff's policyholders, advising them that their insurance coverage provided by Colonial Life would be transferred to Humana. FAC ¶ 45. Taking this allegation as true, it is reasonable to infer that plaintiff suffered damage to its goodwill as a result of policyholder concern and confusion caused by the December 5, 2013 letter. See MySpace, Inc. v. Wallace, 498 F. Supp. 2d 1293, 1305 (C.D. Cal. 2007) (recognizing harm to goodwill and reputation as a cognizable injury). Moreover, the FAC's allegations support a reasonable inference that the December 5, 2013 letter caused sufficient confusion among plaintiff's policyholders that plaintiff's performance of its contractual duties with its policyholders became more costly. See Pac. Gas & Elec. Co. v. Bear Stearns & Co., 50 Cal. 3d 1118, 1129 (1990) ("We have recognized that interference with the plaintiff's performance may give rise to a claim for interference with contractual relations if plaintiff's performance is made more costly or more burdensome.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-9235-CAS-FFMx | Date | February 24, 2014 |
|---|---|---|---|
| Title | COLONIAL LIFE AND ACCIDENT INSURANCE COMPANY V. STENTORIANS-L.A. COUNTY BLACK FIRE FIGHTERS, ET AL. | | |

### B. Plaintiff's Claim for Intentional Interference with Prospective Economic Advantage

To state a claim for intentional interference with prospective economic advantage, a plaintiff must allege:

> (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.

CRST, 479 F.3d at 1108 (quoting Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1153 (2003)). The "primary difference" between this tort and the tort of intentional interference with contractual relations is that a plaintiff must allege that the defendant performed an act that is wrongful "by some measure beyond the fact of the interference itself." Id. (quoting Della Penna v. Toyota Motor Sales, U.S.A., Inc., 11 Cal. 4th 376, 378 (1995)). In support of this claim, plaintiff relies on substantially the same conduct alleged in support of its claim for intentional interference with contractual relations. See FAC ¶¶ 53-61.

The moving defendants argue that this claim fails because plaintiff did not lose any policyholders as a result of defendants' conduct. Mot. Dismiss at 10-11. This argument is unavailing because, as stated above, the allegations in the FAC support a reasonable inference that defendant's conduct created a climate of confusion and uncertainty under which plaintiff's performance of its contracts with its individual policyholders became more costly. See Pac. Gas, 50 Cal. 3d at 1129.

### C. Plaintiff's Fraud Claim

A claim for fraud consists of: (1) a misrepresentation, (2) made with knowledge of its falsity; (3) with an intent to induce reliance; combined with (4) justifiable reliance; and (5) resulting damage. 5 Witkin, Summ. Cal. Law, Torts § 772 (10th ed. 2005). The moving defendants argue that this claim should be dismissed because plaintiff has not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-9235-CAS-FFMx | Date | February 24, 2014 |
|---|---|---|---|
| Title | COLONIAL LIFE AND ACCIDENT INSURANCE COMPANY V. STENTORIANS-L.A. COUNTY BLACK FIRE FIGHTERS, ET AL. | | |

alleged facts supporting an inference that any of these elements have been satisfied. Mot. Dismiss at 10-13.

The Court agrees with the moving defendants that this claim should be dismissed because plaintiff does not allege that it relied on any of defendants' misrepresentations. Instead, plaintiff alleges that its policyholders relied on defendants' alleged misrepresentations in the December 5, 2013 letter.[4] FAC ¶ 63; Opp. Mot. Dismiss at 14. This allegation is insufficient to satisfy the "reliance' element of fraud under California law because the alleged reliance must be that of the plaintiff, and not of a third party. Oracle Am. Inc. v. TERiX Computer Co., 2014 WL 31344, at *5 n.32 (N.D. Cal. Jan. 3, 2014); City and County of San Francisco v. Philip Morris, Inc., 957 F. Supp. 1130, 1142 (N.D. Cal. 1997) ("[A] fraud action cannot be maintained based on a third party's reliance.").

Plaintiff cites Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008) for the proposition that "the common law has long recognized that plaintiffs can recover in a variety of circumstances where . . . their injuries result directly from the defendant's fraudulent misrepresentations to a third party." Opp. Mot. Dismiss at 14-15. Bridge is inapposite because it addressed the elements of mail fraud as a predicate for a civil RICO claim, and not the elements of common law fraud. See Bridge, 553 U.S. at 653-54 ("[T]he predicate act here is not common-law fraud, but mail fraud."). Moreover, the remark cited by plaintiff formed part of the Court's discussion of whether a misrepresentation made to a third party could cause "legal injury" to others aside from those who rely on it. Id. at 656. Bridge is of no help to plaintiff here because, in its analysis, the Court noted that "it may be that first-party reliance is an element of a common-law fraud claim." Id.; see also Decker v. GEMB Lending, Inc., 2012 WL 5304144, at *9 (D. Ore. Sept. 13, 2012) (finding, on these grounds, that Bridge was inapposite to question of whether the plaintiff stated a claim for common law fraud under Oregon law).

---

[4] The Court therefore need not address whether the FAC adequately alleges the other elements of a fraud claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-9235-CAS-FFMx | Date | February 24, 2014 |
|---|---|---|---|
| Title | COLONIAL LIFE AND ACCIDENT INSURANCE COMPANY V. STENTORIANS-L.A. COUNTY BLACK FIRE FIGHTERS, ET AL. | | |

### D.     Plaintiff's Conversion Claim

Plaintiff alleges, in support of its claim for conversion, that defendants interfered with plaintiff's right to collect premiums from its policyholders, and that defendants "sought to convert and apply those premiums to their own use and for their own financial gain."  FAC ¶ 73.  In its opposition to the present motion, plaintiff seeks leave to amend its conversion claim.  Opp. Mot. Dismiss at 22-23.  Plaintiff states that its claim for conversion, as it is currently pled, is no longer necessary because the injunctive relief granted by the Court prevents defendants from misdirecting premium payments.  Id. Plaintiff now seeks to amend its claim for conversion to allege that defendants improperly converted plaintiff's policyholders' "personal and confidential information."  Id.

The moving defendants argue that plaintiff should not be granted leave to amend this claim because it would be futile.  Reply Mot. Dismiss at 14.  In support of this argument, the moving defendants contend that a claim for conversion cannot be grounded on the wrongful taking of intangible property, such as customer lists or other information. Id.  The Court disagrees.  California law recognizes conversion claims based on a wide variety of personal property, including intangible property such as customer lists and confidential information.  See Kremen v. Cohen, 337 F.3d 1024, 1033 (9th Cir. 2002) (observing that California's conversion jurisprudence "recognizes conversion of music recordings, radio shows, customer lists, regulatory filings, confidential information and even domain names").  Accordingly, plaintiff will be granted leave to amend its conversion claim.[5]

---

[5] The Court recognizes that Witkin's Summary of California Law, cited by the moving defendants, states that this tort is limited to "interference with tangible property." 5 Witkin, Summ. Cal. Law Torts § 702.  However, this Court is bound by the Ninth Circuit's interpretation of California law, absent a "subsequent indication from the California courts" that the interpretation was incorrect.  E.g., Alvarez v. Chevron Corp., 656 F.3d 925, 932 (9th Cir. 2011).  The Court is unaware of any decisions in which the California courts have discussed the Ninth Circuit's holding in Kremen.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-9235-CAS-FFMx | Date | February 24, 2014 |
|---|---|---|---|
| Title | COLONIAL LIFE AND ACCIDENT INSURANCE COMPANY V. STENTORIANS-L.A. COUNTY BLACK FIRE FIGHTERS, ET AL. | | |

### E. Plaintiff's Conspiracy Claim

The moving defendants argue that plaintiff's conspiracy claim should be dismissed because conspiracy is not a "stand-alone tort." Mot. Dismiss at 13. This argument fails. Conspiracy is not a separate claim for relief, but rather "a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Applied Equipment Corp., 7 Cal. 4th at 510-11. "[T]he major significance of the conspiracy lies in the fact that it renders each participant in the wrongful act responsible as a joint tortfeasor for all damages ensuing from the wrong, irrespective of whether or not he was a direct actor and regardless of the degree of his activity." Id. To adequately plead a claim for conspiracy, a plaintiff must allege: (1) the formation and operation of the conspiracy; (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct. Kidron v. Movie Acquisition Corp., 40 Cal. App. 4th 1571, 1581 (1995).

Plaintiff alleges that defendants agreed among themselves to execute a "common plan" to divert premiums from plaintiff's individual policyholders from plaintiff to Humana and other entities and "create false statements" about the status of plaintiff's policyholders' insurance coverage, FAC ¶ 79, that defendants each committed at least one wrongful act in furtherance of the plan, id. ¶ 80, and that plaintiff was harmed as a result, id. ¶ 84. These allegations are sufficient to support a reasonable inference that defendants engaged in a conspiracy to interfere with plaintiff's contractual relations with its policyholders by making performance of the contracts between plaintiff and its policyholders more difficult. See Pac. Gas & Elec. Co., 50 Cal. 3d at 1129. Moreover, even though civil conspiracy is not a distinct tort, the Court construes the claim to be one for conspiracy to interfere with plaintiff's contractual relations with its policyholders. Indeed, other courts in this district have permitted this pleading practice, at least implicitly. E.g., Olenicoff v. UBS AG, 2009 WL 481281, at *7 (C.D. Cal. Feb. 24, 2009) (denying the defendants' motion to dismiss as to the plaintiffs' "claim for civil conspiracy"); Krisel v. Contempo Homes, Inc., 2006 WL 5668181, at *3 (C.D. Cal. Sept. 27, 2006) (dismissing the plaintiff's civil conspiracy claim "[b]ecause plaintiff has not pleaded a separate tort claim" to form the basis for the conspiracy).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-9235-CAS-FFMx | Date | February 24, 2014 |
|---|---|---|---|
| Title | COLONIAL LIFE AND ACCIDENT INSURANCE COMPANY V. STENTORIANS-L.A. COUNTY BLACK FIRE FIGHTERS, ET AL. | | |

### F. Plaintiff's Invasion of Privacy Claim

A claim for invasion of privacy arises from four different categories of wrongs. These are: (1) intrusion into private affairs, (2) public disclosure of private facts, (3) placing the plaintiff in a false light, and (4) appropriation of the plaintiff's name or likeness. 5 Witkin, Summ. Cal. Law Torts § 651 (10th ed. 2005). Plaintiff grounds this claim on allegations that it had a legally protected privacy interest in its policyholder data, and that defendants interfered with that interest be distributing the data among themselves. FAC ¶¶ 87-90. The moving defendants argue that this claim should be dismissed because corporations may not assert claims for invasion of privacy under California law. Mot. Dismiss at 15. The Court agrees. Coulter v. Bank of Am., 28 Cal. App. 4th 923, 930 (1994) ("A corporation may not pursue a common law action for invasion of privacy"); see also Towe Antique Ford Foundation v. I.R.S., 53 F.3d 340, at *2 (9th Cir. 1995) (unpublished opinion). Accordingly, the Court finds that plaintiff fails to state a claim for invasion of privacy.

### G. Plaintiff's Claim for Specific Performance

To establish a basis for obtaining specific performance, a plaintiff must allege that the available legal remedies are inadequate, the underlying contract is reasonable and supported by adequate consideration, a mutuality of remedies exists, the contractual terms are sufficiently definite to enable the court to know what it is to enforce, and a substantial similarity of the requested performance to that promised in the contract. E.g., Real Estate Analytics, LLC v. Vallas, 160 Cal. App. 4th 463, 472 (2008). Plaintiff alleges that Stentorians is contractually obligated by its agreement with plaintiff to "mak[e] available the payroll deduction slot guaranteed to [Stentorians] by the County for the collection of premiums on Colonial Life insurance policies sold to County employees." FAC ¶ 98. Plaintiff further alleges that Stentorians is obligated under the contract to "reasonably cooperate with and assist [plaintiff] in transitioning the collection of . . . insurance premiums . . . to . . . other premium collection slots" upon termination of the contract between plaintiff and Stentorians. Id. ¶ 11, Ex. A.

The moving defendants first argue that this claim should be dismissed because the contract between Stentorians and plaintiff has already been terminated. The Court agrees because termination of a contract eliminates the parties' right to seek the contract's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-9235-CAS-FFMx | Date | February 24, 2014 |
|---|---|---|---|
| Title | COLONIAL LIFE AND ACCIDENT INSURANCE COMPANY V. STENTORIANS-L.A. COUNTY BLACK FIRE FIGHTERS, ET AL. | | |

specific performance. Hollypark Realty Co. v. MacLoane, 163 Cal. App. 2d 549, 552 (1958) (holding that, by terminating a contract for the sale of real estate, the sellers "no longer had the right to pursue" specific performance of the sale contract).

Plaintiff argues that, in spite of the contract's termination, it may be able to obtain specific performance of the contractual provision requiring Stentorians to "reasonably cooperate with and assist [plaintiff] in transitioning the collection of . . . insurance premiums . . . to . . . other premium collection slots." Opp. Mot. Dismiss at 20. This argument fails because the terms of the agreement "are not sufficiently certain to make the precise act which is to be done clearly ascertainable." Cal. Civ. Code § 3390 (5); see also Patel v. Liebermench, 45 Cal. 4th 344, 349 (2008) ("The equitable remedy of specific performance cannot be granted if the terms of a contract are not certain enough for the court to know what to enforce."). Accordingly, the Court finds that plaintiff's claim for specific performance should be dismissed.

## V. CONCLUSION

In accordance with the foregoing, the moving defendants' motion is GRANTED as to the FAC's fourth, fifth, seventh, and eighth claims for relief, and is otherwise DENIED. Plaintiff shall have leave to file an amended complaint no later than **March 24, 2014** to correct the deficiencies identified in the claims dismissed herein. Plaintiff shall also have leave to add a claim under the Uniform Trade Secrets Act ("UTSA"), as stated during oral argument. However, if plaintiff chooses to file an amended complaint, such complaint shall not contain any claims not present in this complaint except for a UTSA claim. If plaintiff wishes to add additional claims beyond a UTSA claim, it must file a motion for leave to file an amended complaint.

IT IS SO ORDERED.

| | 00 | : | 10 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |