NOTE: CHANGES MADE BY THE COURT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COLONIAL LIFE & ACCIDENT INSURANCE COMPANY, a South Carolina Corporation, | Case No. CV 13-9235 CAS (FFMx) |
| Plaintiff, | [~~PROPOSED~~] CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER |
| vs. | |
| STENTORIANS - L.A. COUNTY BLACK FIRE FIGHTERS, a California Corporation; HUMANA, INC., a Delaware Corporation; SWETT & CRAWFORD, a California Corporation; and DOES 1-10, inclusive, | |
| Defendants. | |

Pursuant to the Stipulated Confidentiality Agreement and Protective Order submitted by plaintiff Colonial Life & Accident Insurance Company ("Plaintiff"), defendant Stentorians - L.A. County Black Fire Fighters ("Stentorians"), defendant Swett & Crawford ("Swett"), and defendant Humana, Inc. ("Humana") (collectively referred to herein as "the parties"), it is hereby **ORDERED:**

1.     The parties represent that certain discovery and initial disclosure materials to be exchanged in this case, including documents, interrogatory answers, deposition testimony and other discovery, will contain confidential non-public information of a personal, financial, and/or commercial nature which may constitute

LAW OFFICES
**MESERVE,**
**MUMPER &**
**HUGHES LLP**

Case No.  13-cv-09235-CAS (FFMx)
[~~PROPOSED~~] CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

a trade secret or proprietary information.  The parties do not wish unreasonably to impede or burden the discovery process but, at the same time, recognize an obligation to take reasonable steps to safeguard legitimate privacy concerns.

2.     Upon entry of an Order by this Court, this Protective Order shall govern the production and disclosure of all information designated as "CONFIDENTIAL" pursuant to paragraph 6, through the entirety of this litigation, through any trial or appeal.  The parties will cooperate in establishing procedures acceptable to the Court with respect to the protection of information designated as "CONFIDENTIAL" pursuant to this Protective Order both at trial and upon any appeal of this case.

3.     For purposes of this Protective Order, "Discovery Materials" shall include documents produced pursuant to the voluntary disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure, documents produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, interrogatory answers, deposition testimony, and all other information that may be disclosed in the course of discovery in this action, as well as compilations or excerpts of such materials.

4.     This Protective Order shall not abrogate or diminish any privilege or any contractual, statutory or other legal obligation or right of any party with respect to Discovery Materials.

5.     Each party shall keep confidential and not use or disseminate outside the boundaries of this litigation any records that any other party designates as "CONFIDENTIAL" except as provided in paragraphs 7, 10, **12** and **13** below. **(FFM)**

6.     Any party may designate any Discovery Materials it deems to be confidential by designating such Discovery Materials as "CONFIDENTIAL."

7.     Except as provided in paragraphs 10-12, access to Discovery Materials designated "CONFIDENTIAL" shall be restricted in accordance with the following provisions:

/ / /

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

Case No.  13-cv-09235-CAS (FFMx)
[PROPOSED] CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

1    (a)    Discovery Materials, and any information extracted from them,

2  which have been designated "CONFIDENTIAL" shall be used solely for the purpose

3  of prosecuting or defending this action, and for no other purpose;

4    (b)    "CONFIDENTIAL" designated Discovery Materials shall only be

5  disseminated to or shown to: (1) attorneys who are members or associates of the law

6  firms listed on the pleadings in this action, and who have appeared or filed a motion

7  or application to appear pro hac vice ("Counsel of Record"), and to supporting

8  personnel employed by Counsel of Record, such as other attorneys at the firm,

9  paralegals, legal secretaries, data entry clerks, legal clerks, and/or private data entry,

10 document management and photocopying services; (2) named individual parties,

11 which includes employees of any company assisting in the defense of the action; (3)

12 actual or prospective experts and consultants retained or consulted by a party or a

13 party's counsel in the course of this action, (4) any professional vendors or other

14 persons or entities that provide litigation support services (e.g., photocopying;

15 videotaping; translating; preparing exhibits or demonstrations; organizing, storing,

16 retrieving data in any form or medium and their employees and subcontractors); (5)

17 any private mediator or other ADR professional retained or selected by the parties to

18 assist in the resolution of the matter; and (6) the court and court personnel, in

19 accordance with the terms specified below in paragraph 7(e).  These persons shall

20 not disclose, discuss or reveal the contents or existence of the protected information

21 or the actual protected information itself to any other person or entity not specifically

22 described in this paragraph.  There shall be no other permissible dissemination of

23 "CONFIDENTIAL" Discovery Materials.  If a party produces any Discovery

24 Materials that mention or reference any other party to this litigation, or such other

25 party's employees or agents (past or present), such Discovery Materials shall be

26 designated as "CONFIDENTIAL," unless express written consent of that other party

27 is obtained.

28 / / /

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

3

Case No.  13-cv-09235-CAS (FFMx)
[PROPOSED] CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

(c)     No copies, extracts or summaries of any document designated "CONFIDENTIAL" shall be made except by or on behalf of Counsel of Record; and such copies, extracts or summaries shall also be designated and treated as "CONFIDENTIAL" Discovery Materials and shall not be delivered or exhibited to any persons except as provided in this Protective Order.

(d)     Counsel of Record may allow access to Discovery Material designated "CONFIDENTIAL" to their retained consultants, provided that any such consultant who is to receive such material shall be provided with a copy of this Protective Order and shall execute an undertaking in the form attached hereto as Exhibit 1.  Consultants shall be specifically advised that the portion of their written work product, which contains or discloses the substance of Discovery Material designated as "CONFIDENTIAL" is subject to all the provisions of this Protective Order.   Counsel of Record disclosing such material to consultants shall be responsible for obtaining the executed undertakings in advance of such disclosure and also shall retain the original executed copy of said undertakings.   No "CONFIDENTIAL" Discovery Material may be disclosed to a Consultant prior to execution of the form attached as Exhibit 1.

(e)     During depositions, Counsel of Record may question any witness about any Discovery Material designated "CONFIDENTIAL."  However, where the witness or deponent testifies about such designated Discovery Material, the party who marked the material "CONFIDENTIAL" may instruct the Court Reporter to mark and seal such testimony as separate from the public record.   Any "CONFIDENTIAL" document so referred to may be marked as an exhibit, but no such "CONFIDENTIAL" document, or any portion thereof, shall be attached to any publicly-available deposition or other transcript without the written consent of the party that designated the document as "CONFIDENTIAL" absent a Court Order. Portions of deposition transcripts designated "CONFIDENTIAL" shall be so marked and "CONFIDENTIAL" portions, including exhibits consisting of

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

4

Case No.  13-cv-09235-CAS (FFMx)
[PROPOSED] CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

"CONFIDENTIAL" documents, shall be bound separately by the Court Reporter, kept under seal, and maintained separately by the Court Reporter and the parties from the nonconfidential portions of the transcript, including exhibits, except as otherwise stipulated by the Parties or ordered by the Court.

(f)     In the event that any "CONFIDENTIAL" Discovery Materials are attached to, or quoted or summarized in, any pleadings, motion papers or other papers filed with this Court or any other court and said "CONFIDENTIAL" Discovery Materials would be disclosed in any way therein, such Discovery Materials, and portions of pleadings or papers that contain the "CONFIDENTIAL" discovery materials shall be **lodged along with a request for filing** ~~filed~~ **(FFM)** under seal in accordance with this Court's Local Rules.  Copies of such documents containing information subject to this Protective Order that are served on counsel for the parties shall be similarly identified and shall be maintained as "CONFIDENTIAL," as described herein.

8.     In the event that a party makes documents available for inspection, rather than delivering copies to another party, no marking need be made in advance of the initial inspection.  For purposes of the initial inspection, all documents produced shall be considered as marked "CONFIDENTIAL."  Therefore, upon the inspecting party's selection of documents for copying, the party producing the documents may mark the copies "CONFIDENTIAL," pursuant to paragraph 6, above.

9.     At the request of any designating party, made in writing or on the record or during the course of a deposition, the deposition testimony and all copies of any transcript of the deposition of any current or former agent, officer, director, employee or consultant of the designating party shall initially be considered, as a whole, to constitute "CONFIDENTIAL" information subject to the Protective Order, and the original and all copies of such deposition transcripts shall be marked accordingly as "CONFIDENTIAL" by the reporter.  Upon the written demand of a receiving party

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

5

Case No.  13-cv-09235-CAS (FFMx)
[~~PROPOSED~~] CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

1  made after receipt of transcript, the designating party shall have twenty (20) days
2  after receipt of the deposition transcript to designate in writing to the other parties
3  and the court reporter, those portions of the testimony in the transcript that the
4  designating party claims constitute "CONFIDENTIAL" information.  If no such
5  designation is made within twenty (20) days after receipt of the deposition transcript,
6  the receiving party shall submit a second written demand by facsimile to the
7  designating party notifying the designating party that it has three (3) business days
8  from the date of the second written demand in which to designate in writing to the
9  other parties and the court reporter, those portions of the testimony in the transcript
10 that the designating party claims constitute "CONFIDENTIAL" information.  If, at
11 the expiration of the three business day period, the designating party fails to provide
12 written notice of its intent to designate the information as "CONFIDENTIAL," then
13 the "CONFIDENTIAL" designation of the deposition transcript shall be deemed
14 waived.  Each party and the Court Reporter shall attach a copy of such written
15 designation notice to the transcript and each copy thereof in its possession, custody
16 or control, and the portions designated in such notice shall thereafter be treated in
17 accordance with the Protective Order.

18      10.   Nothing in this Order shall be deemed to preclude any party or third
19 party from seeking or obtaining, on the appropriate showing, additional protection
20 with respect to the confidentiality of documents or information.  Nor shall any
21 provision of this Order be deemed to preclude any party from challenging the
22 validity of the confidentiality of any materials so designated, or from requesting the
23 Court to amend or modify this Order with respect to any particular matter.

24      11.   The disclosure of any Discovery Materials pursuant to the terms of this
25 Protective Order is not intended to be and shall not be construed as a waiver of any
26 right or a relinquishment of any confidentiality claim as to said Discovery Materials
27 or as a waiver of any claim that the information disclosed is a trade secret or is
28 proprietary.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

6

Case No.  13-cv-09235-CAS (FFMx)
[PROPOSED] CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

12.   If any dispute arises concerning whether information designated as "CONFIDENTIAL" should in fact be considered as "CONFIDENTIAL" information for purposes of this Protective Order, the party who objects to the designation of the information as "CONFIDENTIAL" shall give written notice of the objection.  The parties shall then attempt to resolve the dispute informally and in good faith.  If the parties do not resolve the dispute informally, the party who designated the information as "CONFIDENTIAL" shall have ten (10) business days from either (a) the written notice from the objecting party made pursuant to this paragraph, (b) the written objection to disclosure from the producing party made pursuant to paragraph 10 above, or (c) the date the parties agree that the dispute cannot be resolved informally, whichever is later, to file a motion asking the Court to resolve the issue. If the motion is not filed within this time, then the "CONFIDENTIAL" designation shall be deemed waived.  If such a motion is timely filed, the party asserting confidentiality shall have the burden of proving that the "CONFIDENTIAL" information is protected by (a) a right to privacy or (b) trade secret or other confidential research, development, or commercial information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.   Prior to the determination of such motion, the disputed information shall be treated by the parties as "CONFIDENTIAL."  If such motion is granted in favor of the objecting party and ten (10) business days have passed after entry of an order granting the motion, then the prevailing party may disclose the information, barring any motion to amend the order.

13.   **If a party to whom "CONFIDENTIAL" material has been produced is subpoenaed or ordered by another court or administrative agency to produce information that is subject to this protective order, such party shall notify promptly the party who produced the material of the pending subpoena or order.  It is the producing party's responsibility to take whatever action it deems appropriate to challenge the subpoena or order in the issuing court or**

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

Case No.  13-cv-09235-CAS (FFMx)
[PROPOSED] CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

1 **agency.   The party subject to the subpoena or order shall not produce any**
2 **"CONFIDENTIAL" materials in advance of the date required by the subpoena**
3 **or order.   Nothing herein shall be construed as relieving anyone subject to this**
4 **order from any obligation to comply with a validly issued subpoena or order.**
5 **(FFM)**

6       14.    Upon final resolution of this litigation, including any appellate
7 proceedings or expiration of the time allowed therefore, and within 60 days thereof:

8             (a)    Unless otherwise agreed, counsel for each party shall return or
9 destroy all Discovery Materials marked "CONFIDENTIAL" received hereunder,
10 including all copies thereof, to counsel for the party that produced said materials.
11 Counsel for each party shall also destroy all extracts or summaries of
12 "CONFIDENTIAL" Discovery Materials or documents containing such material.
13 Certification of such destruction, under penalty of perjury, is to be made in writing to
14 counsel for the party who produced such "CONFIDENTIAL" Discovery Materials
15 within ten (10) business days of destruction; and

16             (b)    The Clerk of the Court shall, upon request of a party that
17 produced any "CONFIDENTIAL" Discovery Materials, return to such party all
18 documents and things containing or referring to such Discovery Materials that were
19 ~~filed~~ **lodged (FFM)** under seal pursuant to this Protective Order.   As to those
20 documents or things containing such information which cannot be so returned, they
21 shall continue to be kept under seal and shall not be examined by any person without
22 a prior Court order, after due notice to Counsel of Record, or the written stipulation
23 of each Counsel of Record.

24       15.    Nothing contained in this Protective Order shall result in a waiver of
25 rights, nor shall any of its terms preclude a party from seeking and obtaining, upon
26 an appropriate showing, additional protection with respect to personal, financial,
27 commercial, confidential, trade secret or other proprietary documents, information or
28 / / /

LAW OFFICES
**MESERVE,
MUMPER &
HUGHES LLP**

8

Case No.  13-cv-09235-CAS (FFMx)
[~~PROPOSED~~] CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

1  any other discovery material or trade secrets, including, but not limited to,
2  restrictions on disclosure.

3      16.   Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties
4  hereby stipulate to the following treatment of any privileged or work product
5  materials inadvertently disclosed in this action.  The parties agree that disclosure of
6  information protected by any privilege in this litigation shall not constitute a waiver
7  of any otherwise valid claim of privilege, and failure to assert a privilege in this
8  litigation as to one document or communication shall not be deemed to constitute a
9  waiver of the privilege as to any other document or communication allegedly so
10  protected, even involving the same subject matter.   The parties agree that any
11  inadvertent inclusion of any privileged or work product material in a production in
12  this action shall not result in the waiver of any associated privilege or protective
13  doctrine nor result in a subject matter waiver of any kind.  If any such material is
14  inadvertently produced, the recipient of the document agrees that, upon request from
15  the producing party, it will promptly return all copies of the document in its
16  possession, delete any versions of the documents on any database it maintains, and
17  make no use of the information contained in the document, provided, however, that
18  the party returning such document shall thereafter have the right to apply to the Court
19  for an order that such document was not protected (prior to the inadvertent
20  disclosure) from disclosure by any privilege or doctrine.  The parties acknowledge
21  and stipulate that diligent steps have been taken to protect privileged/protected
22  documents from disclosure, and that any production of privileged material or
23  material protected by the work product doctrine is deemed inadvertent and does not
24  amount to a waiver.

25      17.   The Court may modify this Protective Order at any time or consider any
26  dispute which may arise hereunder upon motion of any of the parties.

27      18.   Nothing in this Protective Order affects in any way, the admissibility of
28  any documents, testimony or other evidence at trial.

LAW OFFICES
**MESERVE,
MUMPER &
HUGHES LLP**

9

Case No.  13-cv-09235-CAS (FFMx)
[~~PROPOSED~~] CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

1    19.    This Protective Order shall remain in effect for the duration of the action

2    unless terminated by stipulation executed by the Counsel of Record or pursuant to

3    Court Order.    Insofar as they restrict the communication, treatment and use of

4    information subject to this Protective Order, the provisions of this Protective Order

5    shall continue to be binding after the termination of this action, unless the Court

6    orders otherwise.

7        **IT IS SO ORDERED.**

8

9    Dated: June 11, 2014                    /S/ FREDERICK F. MUMM

10                                           Hon. Frederick F. Mumm

11                                           United States Magistrate Judge

LAW OFFICES
**MESERVE,
MUMPER &
HUGHES LLP**

Case No.  13-cv-09235-CAS (FFMx)
[PROPOSED] CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

**EXHIBIT 1**

AGREEMENT TO BE BOUND BY THE STIPULATION FOR PROTECTIVE

ORDER AND PROTECTIVE ORDER REGARDING CONFIDENTIAL

INFORMATION

The undersigned hereby acknowledges that he or she has read the Protective Order entered into on behalf of the Parties to *Colonial Life & Accident Insurance Company v. Stentorians - L.A. County Black Fire Fighters, et al.*, Case No. 13-cv-09235-CAS (FFMx), pending in the United States District Court for the Central District of California; that he or she understands the provisions prohibiting the disclosure of confidential information for any purpose or in any manner not connected with the prosecution or defense of this action; and that he or she agrees to be bound by all provisions of that Order.

Dated: _____          _____
                                         Signature

                                         _____
                                         Printed Name


                                         _____
                                         _____
                                         _____
                                         Address

LAW OFFICES
**MESERVE,
MUMPER &
HUGHES LLP**

Case No.  13-cv-09235-CAS (FFMx)
[~~PROPOSED~~] CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER